### JENKINS v NEVIL

Ohio Appeals, 4th Dist, Adams Co
Decided June 25, 1931

R. V. Bagby, Georgetown, and E. S. Young, Seaman, for Jenkins.

Blair & Ball, Portsmouth, and W. P. Tucker, West Union, for Nevil.

MIDDLETON, J.

It would be of no benefit to any of the parties concerned to review the evidence as it appears in the bill of exceptions. It is sufficient to say that it is ample to support the decree. In substantially all of the contentions made by Mrs. Jenkins her testimony was unsupported by any other evidence and was impeached to some extent by the admitted circumstances and conditions surrounding the matters to which she testified.

In a general way it may be said that it is impossible for this court to conclude from the evidence that there was any fraud or deception practiced by Nevil in obtaining the contract for the sale of his farm. The contention is made that a certain spring was represented to be on the farm when in fact it was on the land of another party. The spring in question was surrounded by such conditions that it was plainly evident that other parties were either trespassing or had some legal right to use the spring. Further illustrating the infirmities of the claims made by Mrs. Jenkins, it is seriously contended that the description of the farm in the contract is too indefinite to identify it. This claim is made in the face of the established fact that Mrs. Jenkins took possession of the farm in October, 1929, and remained in possession thereof until March 5, 1930. The evidence shows that she had full and undisputed possession for at least four months prior to March 1, 1930.

We will refer to one more contention made by Mrs. Jenkins. It is claimed that the contract should not be enforced because there were certain enforcible and subsisting liens on the land on March 1, 1930. We have searched the bill of exceptions over and over again and do not find in that bill one single word of testimony or evidence regarding any liens on the property. We do find attached to the bill of exceptions what purports to be an abstract of title. It is not identified as an exhibit and the bill of exceptions fails to show that it was offered in evidence. If in evidence it would not establish the claim of plaintiff that there were subsisting and enforcible liens on the property on March 1, 1930. All that the abstract shows is that two mortgages, one under date of August 29, 1912, and the other under date of September 5, 1917, were released of record on December 22, 1930.

We find nothing in the record that would justify a reversal of the decree for a specific performance of the contract. We are of

the opinion that the finding of the amount due should be made against the defendant, Mrs. Jenkins, alone. Her husband was not a party to the contract and is a party here by reason of the fact that the deed which was delivered to her by Nevil was at her request made to her and her husband, Guy Jenkins. With this modification the judgment of the Court of Common Pleas is affirmed and the case is remanded to that court for further proceedings according to law.

MAUCK, PJ, and BLOSSER, J, concur.